# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: E.M.

No. 17-0649 (Marion County 15-JA-74)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.M., by counsel Scott A. Shough, appeals the Circuit Court of Marion County's June 22, 2017, order terminating her parental rights to E.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Terri L. Tichenor, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that she abused alcohol and drugs and that her substance abuse interfered with her ability to parent the child. According to the petition, on one occasion, petitioner ingested a combination of alcohol, amphetamines, and opiates while she was caring for the child. The child found petitioner unresponsive and believed that she was deceased. The child sought help from a neighbor and petitioner was transported by ambulance to Fairmont General Hospital for medical treatment.

In September of 2016, the circuit court held an adjudicatory hearing at which petitioner stipulated to a history of drug and alcohol abuse and that she abused substances to the point of unconsciousness, which placed the child in imminent danger. Based on her stipulations, the circuit court adjudicated petitioner as an abusing parent.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In May of 2017, the circuit court held a dispositional hearing wherein petitioner did not appear but was represented by counsel. According to petitioner's counsel, one week before the dispositional hearing, petitioner entered into a long-term substance abuse treatment program.[2] A DHHR caseworker then presented the court with an updated court summary, which indicated that the DHHR has received approximately twenty-seven referrals involving petitioner and her family from 1998 through 2016. According to the summary, the DHHR received approximately one referral per year from 1998 through 2016, and the referrals were based on incidents involving substance abuse and/or domestic violence between petitioner and the child's father. Additionally, due to multiple removals, the child has been in numerous placements throughout her life. According to the DHHR, petitioner has over these many years participated in individual counseling, in-home family crisis services, out-patient substance abuse treatment, parenting classes, psychological evaluations, in-patient substance abuse treatment, Alcoholics Anonymous meetings, New Beginnings After Care (an early intervention program), supervised visitation, random drug and alcohol screenings, life skills counseling, and home safety services. Based on the evidence presented, the circuit court found that, while petitioner admits her substance abuse issues and makes attempts to remedy those issues, "she remains unable to do so for the long term." The circuit court also found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, noting her long history of substance abuse and the child's continued exposure to substance abuse and domestic violence. The circuit court also found that because of the "extent of her recurring relapses, [there was] no guarantee that the current [long-term] treatment sought will be completed or be any more effective than treatment previously sought." On June 22, 2017, the circuit court entered an order terminating her parental rights to the child.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]According to the record, petitioner was unable to complete substance abuse treatment due to unexplained medical issues.

[3]Petitioner's parental rights to the child were terminated below. The parental rights of the child's biological father were also terminated below. According to the guardian, the child was placed in a foster home and the permanency plan is adoption into that home.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's order terminating petitioner's parental rights.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the child because she "has had extensive periods of sobriety" and "is committed to controlling" her history of substance abuse. We disagree. West Virginia Code § 49-4-604(b)(6) directs circuit courts to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

In this case, the circuit court specifically found that petitioner was unable to maintain her sobriety for the long term. The circuit court was presented with evidence that, despite the extensive list of services offered to petitioner, she continued to relapse and abuse drugs and alcohol. Given that petitioner failed to complete long-term treatment or remedy her substance abuse issues, we find no error in the circuit court's termination order. The circuit court properly found that petitioner was not reasonably likely to substantially correct the conditions of abuse and neglect in the near future, and it is clear from the record that the child's welfare necessitated the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 22, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3